N THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JEFF HICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| vs. ) | 7:08-CV-00536 |
| ) | |
| MERCEDES-BENZ U.S. ) | |
| INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |

## **PRETRIAL ORDER**

A pretrial conference was held in the above case on July 20, 2012, wherein, or as a result of which, the following proceedings were held and actions taken:

1. APPEARANCES:   Appearing at the conference were:

    For Plaintiff, Jeff Hicks: Mark Thierman and Thomas Campbell

    For Defendant, Mercedes-Benz U.S. International, Inc.: Michael L. Lucas and Ashley H. Hattaway

2. JURISDICTION AND VENUE:

    a.  The Court has subject matter jurisdiction in this action under the following statutes, rules or cases:  28 U.S.C. § 1331

    b.  All jurisdictional and procedural requirements prerequisite to maintaining this action have been met.

    c.    Is personal jurisdiction or venue contested?

    _____ Yes  ____X____ No

3.    PARTIES AND TRIAL COUNSEL: Any remaining fictitious parties are hereby **STRICKEN**. The parties before the Court and the designated trial counsel for the parties are correctly named as set out below:

| PARTIES | TRIAL COUNSEL |
|---|---|
| Plaintiff: | |
| Jeff Hicks | Mark R. Thierman |
| | Joshua D. Buck |
| | Thierman Law Firm APC |
| | |
| | Thomas F. Campbell |
| | D. Keiron McGowin |
| | Campbell Law |
| | Attorneys At Law |
| | |
| Defendant: | |
| Mercedes-Benz U.S. International, Inc. | Michael L. Lucas |
| | Ashley H. Hattaway |
| | Burr & Forman LLP |

4.    PLEADINGS: The following pleadings have been allowed: Complaint; Answer; Amended Complaint; Answer to Amended Complaint.

5. STATEMENT OF THE CASE:

(a) Narrative Statement of the Case.

Plaintiff Hicks, a Group Leader for Mercedes-Benz U.S. International, Inc. ("MBUSI"), alleges that MBUSI improperly classified him as an exempt employee and thus failed to pay him overtime for hours he worked over forty (40) in each work week in violation of the Fair Labor Standards Act ("FLSA"). **MBUSI denies the allegation and asserts that plaintiff is exempt from FLSA overtime pay requirements because he is an executive employee. MBUSI also asserts that plaintiff has been a highly compensated employee beginning in 2011 and therefore is exempt for that reason as well. MBUSI also asserts that plaintiff has no evidence of damages.**

(b) Undisputed Facts.

1. MBUSI operates an automobile assembly facility located in Vance, Alabama.

2. That facility consists of Plant 1 and Plant 2. Plant 1 consists of the following Production shops: Paint 1 and Assembly 1. Plant 2 consists of the following Production shops: Paint 2 and Assembly 2. There is also a Body shop which is connected to Plant 1 but it is a separate shop. Each shop is physically separated from the others.

3. MBUSI also has Quality, Maintenance and Logistics departments throughout its Production facilities.

4. Within the various shops, there are Managers, Assistant Managers (AMs), Group Leaders (GLs), Team Leaders (TLs) and Team Members (TMs).[1]

5. Each Production group at MBUSI has a GL. Generally, each GL has a group consisting of one or more teams. Generally, each team is organized with a TL and multiple TMs.

6. At MBUSI, cars are built in stations on an assembly line and in off-line areas. Most Production TMs rotate among stations and perform one or more processes in each station to build the car.

7. MBUSI classifies its TMs and TLs as non-exempt employees, and MBUSI classifies its GLs, AMs and Managers as exempt employees.

(c) Plaintiff's Claims.

Plaintiff contends that he was misclassified an exempt employee and thus should have received overtime pay at rate of one and one half time his regular rate of pay for all hours he worked over 40 hours in a work week. As a result of his

---

[1] In April, 2011, MBUSI changed the title Assistant Manager to Manager and Manager to Senior Manager. To avoid confusion, all titles used in this Pretrial Order are as they were prior to the April change.

misclassification, Plaintiff alleges that he is owed back overtime wages, liquidated damages, interest, attorneys fees and costs associated with his claim.

      (d)   <u>Defendant's Defenses</u>.

MBUSI denies plaintiff's allegations. MBUSI states more specifically as follows:

      1.   <u>Plaintiff is an exempt employee under the FLSA</u>. As a Group Leader, plaintiff is exempt from the FLSA overtime requirements because he is an executive employee. Plaintiff is compensated on a salary basis at a rate not less than $455 per week; his primary duty is management of a customarily recognized department or subdivision; he customarily and regularly directs the work of two or more other employees; and his suggestions and recommendations as to the hiring, firing, advancement, promotion or other changes of status of other employees are given particular weight. Management is the principal, main, major or most important duty that plaintiff performs. For example, plaintiff is responsible for the training of his Team Members, and he provides training to Team Members, Team Leaders and other Group Leaders. He corrects his Team Members, issues them Corrective Performance Reviews and provides them feedback. He solves problems in his group. He plans manpower, tracks attendance, enforces the attendance policy and grants or denies vacation. Plaintiff tracks hours worked for his Team Members. He is responsible for

the safety of his group. He handles complaints and conflicts in his group. He keeps track of inventory and takes steps to control inventory. He manages his group independently of his Assistant Manager and Manager. He evaluates employees and recommends them as ready or not ready for promotion. He can recommend suspension, promotion or discharge. Plaintiff's recommendations regarding promotion and discipline generally are followed.

If plaintiff performs any non-exempt work, such work is not his main or most important duty. To the extent he performs quality checking, it is for the purpose of monitoring and correcting the performance of his group and ensuring that his group provides good quality. To the extent he performs any repairs on vehicles, it is his decision as to whether he performs such work. No matter what work plaintiff performs, he at all times retains his management duties. Plaintiff's job as a whole makes him exempt.

2. <u>Plaintiff is subject to the highly compensated employee exemption</u>. Plaintiff's total annual compensation for the year 2011 was at least $100,000.00. As discussed above, plaintiff performs at least one exempt duty as a Group Leader. 29 C.F.R. § 541.601. He was therefore exempt under the highly compensated exemption for the year 2011.

3. <u>Plaintiff cannot establish any damages</u>.  Plaintiff has presented no proof that he worked overtime for which he was not properly paid.  Indeed, plaintiff is barred from establishing or presenting any evidence of damages because he failed to disclose any damages in his initial disclosures and in his discovery responses.  FED. R. CIV. P. 26(a)(1)(A)(iii), 26(e)(1) and 37(c)(1).

4. <u>The applicable statute of limitations is two years</u>.  This Court already ruled that the statute of limitations applicable to this case is two years.  Memorandum of Opinion (<u>Hicks</u> Doc. 163).  Plaintiff has no evidence that MBUSI willfully deprived plaintiff of wages to which he was entitled under the FLSA.

5. <u>Plaintiff cannot recover liquidated damages</u>.  Plaintiff has not requested liquidated damages in this case.  See Complaint (<u>Hicks</u> Doc. 1).  Moreover, MBUSI at all times acted in good faith and with reasonable grounds to believe that it did not violate the FLSA.  29 U.S.C. § 260.  Because of past experience in the automotive industry, input from production managers and the knowledge that the industry standard is to classify the position as exempt, MBUSI had reasonable grounds for believing that the classification was consistent with the FLSA.  Plaintiff has not pointed to a single automobile manufacturer that classifies this position differently.  Brian Farrington, a former Department of Labor employee (Compliance Office and Assistant District Director), opined that the Department of Labor would classify the

Group Leader as exempt, which is further evidence that MBUSI acted reasonably in its classification of the Group Leader job. This Court's decision granting summary judgment in the <u>Lawson</u> cases are further evidence that MBUSI acted reasonably.

    6.    DISCOVERY AND OTHER PRETRIAL PROCEDURES:

        (a)    Pretrial Discovery.

            I.    __x__    Pursuant to previously entered orders of the court, discovery is closed.

            ii.    _____    The parties are given leave to proceed with further discovery provided it is commenced in time to be completed by _____.

        (b)    Pending Motions. There are no pending motions at this time.

        (c)    Motions in Limine. Motions in limine must be filed at least one week in advance of the scheduled trial date and shall be accompanied by supporting memoranda. As to each matter counsel seeks to exclude, counsel shall indicate whether the exclusion is "opposed" or "unopposed" by counsel for the other side. Parties are encouraged to resolve evidentiary issues by stipulation whenever possible.

    7.    Unless otherwise ordered, parties shall follow the deadlines for pretrial disclosures established in Fed. R. Civ. P. 26(a)(3). Within seven (7) calendar days after disclosure indicating testimony will be presented by deposition, responsive or rebutal portions of deposition testimony shall be designated and opposing counsel shall be notified of any objections. Thereafter, the parties shall meet and attempt to

work out all objections to the proposed deposition testimony. If there are unresolved objections after the parties consult, at least fourteen (14) days before trial the parties shall submit to the court, in writing, proposed deposition testimony and any unresolved objections thereto. A brief argument may be submitted at that time, if necessary. All objections not made as required by this order shall be deemded waived.

      8.      TRIAL (JURY): At least ten business days prior to the scheduled trial date, the parties must file a **single, joint proposed jury charge,** including all necessary instructions, or definitions applicable to the specific issues of the case. The parties need not submit standard generic instructions regarding routine matters, e.g., burden of proof, credibility of witnesses, duty of jurors, etc.

      a.      In joint, proposed jury materials, counsel are to include all necessary instructions or definitions, specifically including (1) the *prima facie* elements of each cause of action and defense asserted; (2) legal definitions required by the jury; (3) items of damages; and (4) methods of calculations of damages. Counsel are to use the 11th Circuit Pattern Jury Instructions, or appropriate state pattern jury instructions, as modified by case law or statutory amendments, wherever possible. Any deviations must be identified, and accompanied with legal authorities for the proposed deviation.

      b.      Even if the parties, in good faith, cannot agree on all instructions, definitions or questions, the parties should nonetheless submit a single, unified charge. Each disputed instruction, definition or question should be set out in boldtype, underline or italics and identified as disputed. Each disputed item should be labeled to show which party is requesting the disputed language.

        Accompanying each instruction that deviates from pattern charges shall be all authority or related materials upon which each party relies. The parties shall submit a copy as an e-mail submission to coogler_chambers@alnd.uscourts.gov.

    c.    If the verdict form will include special interrogatories for the jury to answer, counsel shall include such special interrogatories with their proposed jury instructions.

9.    TRIAL DATE:

    a.    This case is set for jury trial on September 17, 2012.

It is ORDERED that the above provisions be binding on all parties unless modified by further order for good cause shown.

    Done this <u>25th</u> day of <u>July 2012</u>.

                                          _____
                                          L. SCOTT COOGLER
                                    UNITED STATES DISTRICT JUDGE
                                                                     [167037]